GORDILS, DEMANDANTE Y APELANTE, v. BLÁZQUEZ, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
    pleito sobre daños y perjuicios (moción para corregir la
    exposición del caso).

No. 2893.—Resuelto en enero 29, 1924.

CORRECCIÓN DE AUTOS EN APELACIÓN—INCORPORACIÓN DE EVIDENCIA NO ADMITIDA
    —EXPOSICIÓN DEL CASO.—El procedimiento adecuado para incorporar a la
    exposición del caso prueba cuya admisión negó la corte, no es el de la
    corrección de autos que autoriza el artículo 55 del Reglamento del Tribunal
    Supremo. Cuando la incorporación procede, como en este caso, el Tribunal
    Supremo puede permitir que se solicite una corrección en la corte inferior
    para que juntamente con la evidencia cuya admisión se denegó pueda ser
    incorporada cualquier evidencia que hubiera podido servir de base a la de-
    negación. Pérez Hnos. v. Arenas, 30 D. P. R. 102.

Los hechos están expresados en la opinión.
Abogados del apelante: Sres. Llorens Torres & Arroyo.
Abogado del apelado: Sr. F. Santoni.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Esta es una moción para corregir una exposición del caso.
Resulta que durante el juicio en la corte inferior el apelante
ofreció cierta carta como prueba, a la que se hizo objeción
y fué negada su admisión. El apelante entonces presentó
una moción formal por escrito a la corte para que reconside-
rara su resolución y a esta moción el apelante acompañó la
carta en cuestión. En las notas taquigráficas resultantes
fué copiada la moción pero la carta no fué transcrita. El
apelante solicita ahora que la moción de reconsideración con
su comprobante (exhibit), la carta, sea agregada a los autos.
El apelado se opuso con considerable apariencia de razón al
momento tardío en que fué presentada la moción cuando los
autos han estado aquí pendientes por meses.

Sin embargo, la exclusión de la carta es uno de los erro-
res principales señalados y parece ser un caso de justicia
pasar por alto la tardanza, especialmente puesto que cree-

mos que la carta debió haber sido incluída en la prueba in-corporada a las notas taquigráficas. Tal vez podemos to-mar conocimiento judicial de la tentativa del apelante me-diante *certiorari* para que la carta fuera incluída.

El apelante sólo pide que una copia de la moción de re-consideración sea incluída en los autos. La carta entonces no constituiría, sin embargo, parte de la prueba certificada por el juez. La corte excluyó la carta y no consta en la prueba incorporada. Si la carta pudiera ahora ser incluída en los autos o considerada por esta corte, al apelado o al juez de la corte inferior, según sea el caso, debe dársele la oportunidad de incluir cualquier otra prueba practicada en el juicio que pudiera aducirse en oposición a dicha carta. La práctica mejor y más segura es observar el método in-dicado en el caso de *Pérez Hnos.* v. *Arenas,* 30 D. P. R. 102, y permitir que se radiquen los autos enmendados o adicio-nados. Véase también la decisión de enero 28, 1924. Una certificación suplementaria del juez sería el método más se-guro. Por tanto, dictaremos la orden procedente que re-quiera tal certificación suplementaria.

*Con lugar.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-ciados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la re-solución de este caso.